UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PRADAXA (DABIGATRAN ETEXILATE)
PRODUCTS LIABILITY LITIGATION                                         MDL No. 2385


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the Southern District of Illinois *Sellers* action moves to centralize this litigation in the Southern District of Illinois. This litigation currently consists of twenty-one actions pending in eleven district courts, as listed on Schedule A.[1]

All the responding parties support centralization, but disagree as to the location of the transferee district. Plaintiffs in eight other actions pending in the Southern District of Illinois (four on the motion and four potential tag-along actions) and the actions pending in the Eastern District of Louisiana and the Western District of Tennessee all support centralization in the Southern District of Illinois.

All other responding plaintiffs support the Southern District of Illinois in the alternative, but propose different districts as their primary preference for the location of the transferee district. The plaintiff in the Southern District of Florida action supports centralization in that district. Two plaintiffs in potential tag-along actions pending in the Northern District of Ohio, plaintiffs in two potential tag-along actions in the Southern District of Georgia and the Southern District of New York, and the plaintiff in the *Witt* potential tag-along action pending in the Southern District of Illinois all support centralization in the Northern District of Ohio. The plaintiff in the District of Connecticut action supports centralization in either the Southern District of Illinois or the Northern District of Ohio. The plaintiff in the potential tag-along action in the Eastern District of New York supports centralization in that district.

---

[*] Judge Kathryn H. Vratil and Judge Charles R. Breyer took no part in the decision of this matter.

[1] The parties have notified the Panel of nineteen additional related actions pending in twelve districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

-2-

The responding defendants[2] are the only parties that do not support centralization in the Southern District of Illinois in either the first instance or as an alternative location. Instead, defendants support centralization in the District of Connecticut. Alternatively, defendants propose centralization in either the Eastern District of Kentucky or the Eastern District of Tennessee.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions share common factual questions arising out of allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking the drug Pradaxa (dabigatran etexilate) and that defendants did not adequately warn prescribing physicians of the risks associated with Pradaxa, including the potential for severe or fatal bleeding, and that there is no reversal agent to counteract the Pradaxa's anticoagulation effects. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are presented with a number of attractive choices for transferee district, but we are persuaded that the Southern District of Illinois is an appropriate transferee district for this litigation. Thirteen of the forty related actions (including potential tag-along actions) are pending in that district. The Southern District of Illinois' geographically central location and accessability also commend it for this nationwide products liability litigation. Further, centralization in this district will facilitate coordination with pending state court litigation, including an action pending in Southern Illinois encompassing claims of over seventy plaintiffs. Finally, by selecting Judge David R. Herndon to preside over this matter, we are selecting a jurist with the willingness and ability to handle this litigation. Judge Herndon, an experienced MDL judge, has deftly presided over *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices & Products Liability Litigation*, 655 F. Supp. 2d 1343 (J.P.M.L. 2009), another large pharmaceutical products liability litigation.

---

[2] The responding defendants are Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Vetmedica, Inc., Boehringer Ingelheim Roxane, Inc., Boehringer Ingelheim Corp., and Boehringer Ingelheim USA Corp.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Illinois are transferred to the Southern District of Illinois and, with the consent of that court, assigned to the Honorable David R. Herndon for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| W. Royal Furgeson, Jr. | Barbara S. Jones |
| Paul J. Barbadoro | Marjorie O. Rendell |

**IN RE: PRADAXA (DABIGATRAN ETEXILATE)**
**PRODUCTS LIABILITY LITIGATION**  MDL No. 2385

## SCHEDULE A

<u>District of Connecticut</u>

John Thomas Wilchinski v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
  C.A. No. 3:12-00599

<u>Southern District of Florida</u>

Edward L. Hole v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
  C.A. No. 0:12-61004

<u>Southern District of Illinois</u>

Jacqueline Boston v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
  C.A. No. 3:12-00610
Carole Richardson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
  C.A. No. 3:12-00611
Paul Garner v. Boehringer Ingelheim Pharmaceuticals, Inc., et al., C.A. No. 3:12-00612
Richard Herbeck, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
  C.A. No. 3:12-00613
Frank Fitzgibbons v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
  C.A. No. 3:12-00614
Vera Lee Sellers v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
  C.A. No. 3:12-00615
Eva Smith v. Boehringer Ingelheim Pharmaceuticals, Inc., et al., C.A. No. 3:12-00616
Robert Stout v. Boehringer Ingelheim Pharmaceuticals, Inc., et al., C.A. No. 3:12-00617

<u>Eastern District of Kentucky</u>

David J. Smiley v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
  C.A. No. 5:12-00167
Helen Jean Hawkins, et al. vs. Boehringer Ingelheim Pharmaceuticals, Inc.,
  C.A. No. 6:12-00045
Janet Cornelius v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
  C.A. No. 6:12-00064

<u>Western District of Kentucky</u>

Donald Ray Pawley, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.,
  C.A. No. 3:12-00131

-5-

**MDL No. 2385 Schedule A (Continued)**

Eastern District of Louisiana

Thelma Hawthorne v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
    C.A. No. 2:12-01203

Western District of Louisiana

Garland James Lege, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
    C.A. No. 6:12-00572

Western District of Oklahoma

Jerald R. Radcliff, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
    C.A. No. 5:12-00266

Eastern District of Tennessee

Bertha Bivens v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,C.A. No. 3:12-00103
Edward Stair, Jr. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
    C.A. No. 3:12-00116

Middle District of Tennessee

Amanda Scott v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
    C.A. No. 3:12-00480

Western District of Tennessee

Marlene Wright v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,
    C.A. No. 2:12-02262